UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-330 |
| | § | |
| 2.215 ACRES OF LAND, MORE OR LESS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS ON ISSUE OF OWNERSHIP OF TRACT RGV-RGC-6011
AND ORDER DISMISSING WITHOUT PREJUDICE CERTAIN DEFENDANTS**

Now before the Court is the issue of who held title to Tract RGV-RGC-6011 ("the property") at the time of the taking effectuated through this action, an issue the Court must determine in order to identify the party/parties to whom just compensation may be awarded. *See* FED. R. CIV. P. 71.1(h) ("In an action involving eminent domain under federal law, the court tries all issues, including compensation" absent certain exceptions), (i)(C) (once plaintiff has taken title, court awards compensation "for the title, lesser interest, or possession taken"); *United States v. Reynolds*, 397 U.S. 14, 19 (1970) (interpreting Rule 71.1(h) to provide that, "except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented"); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950) ("Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs we have no doubt."). Plaintiff acquired title to a fee simple estate of 2.215 acres of the property on October 23, 2020. *See* 40 U.S.C. § 3114(b)(1); *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."); (Dkt. Nos. 2, 5). The following parties were

identified as having an interest in the property: (1) Americo Eloy Garcia ("Americo"); (2) Mary Jane Garcia; (3) Unknown heirs of Amada Pina de Villarreal aka Ausda P de Villarreal; (4) Gregoria Villarreal; (5) Francisco Villarreal; (6) Unknown heirs and/or devisees of Frumencio Villarreal; (7) Fidel Villarreal; and (8) Star County Tax Assessor-Collector Ameida Salinas. (Dkt. No. 2, Schedule G). Americo and the Tax Assessor waived service, and Plaintiff served all other parties by publication. (Dkt. Nos. 6, 8, 11). The Tax Assessor has since disclaimed an interest in the property and has been dismissed from the action. (Dkt. Nos. 12, 13). Americo and his ex-wife, Mary Jane Ornelas-Garcia (formerly Mary Jane Garcia) ("Mary Jane") filed answers and appeared through counsel at the June 9, 2021 title hearing, and claim ownership of the property as co-tenants in common. (Dkt. Nos. 15, 21 at ¶ 21, 22). No other parties have come forward to claim an interest in the property.

The Court looks to Texas law to resolve the issue of title. *See United States ex. Rel. T.V.A. v. Powelson*, 319 U.S. 266, 279 (1943) (meaning of "property" in condemnation proceeding "will normally obtain its content by reference to local law"); *United States v. 131.68 Acres of Land, More or Less, Situated in St. James Par., State of La.*, 695 F.2d 872, 875 (5th Cir. 1983) (in condemnation proceeding, state law governs what is a compensable property interest). Upon consideration of Plaintiff's Amicus Brief Regarding Title of Subject Property (Dkt. No. 21), and in the absence of any argument or evidence to the contrary, the Court finds the following.

The property is part of a 20.911 acre tract ("Tract 1") out of Share 7, Porcion 73 of the Ancient Jurisdiction of Camargo, Mexico. (Dkt. No. 21 at ¶ 7, Exh. 2). In 1951, all of Porcion 73 was judicially apportioned by the district court of Starr County. (*Id.* at ¶ 8, Exh. 3). Share 7, consisting of approximately 31.69 acres at the time, was divided between eight named

landowners: Amada P. de Villarreal (also known as Ausda P. de Villarreal) ("Amada") and her seven children,[1] Jose Villarreal, Paula Villarreal de Garza, Rafaela Guerrero de Villarreal, Didaco Villarreal, Andres Villarreal, Crispin Villarreal, and Frumencio Villarreal. (*Id.* at ¶¶ 8, 10, Exhs. 3, 4). Amada died intestate in 1956, at which time title to her 8.01 acres of the property vested in her children. (*Id.* at ¶ 10, Exh. 5).[2]

In 1958, landowner Frumencio Villarreal, together with his wife, conveyed by warranty deed his interest in the property to landowner Jose Villarreal. (*Id.* at ¶ 11, Exh. 6).[3] In 1959, landowner Crispin Villarreal, together with his wife, conveyed by warranty deed his interest in the property to Jose Villarreal's wife, Marta R. Villarreal, as her separate property. (*Id.* at ¶¶ 12, 17, Exh. 7). Thus, by 1959, the following known individuals held an interest in Share 7: Jose Villareal, Marta R. Villarreal, Paula Villarreal de la Garza, Rafaela Guerrero de Villarreal, Didaco Villarreal, and Andres Villarreal. (*Id.* at ¶ 13).

Through a series of warranty deeds executed in 1974 and 1975, the latter four landowners' interests in the property, as well as the interests of two other purported heirs-at-law of Amada, Dominga Pinia de Trejo and Ofelia Penilla Garza, were conveyed to Defendants Americo and his then-wife Mary Jane. (*Id.* at ¶¶ 14-16, Exhs. 8-10). Upon Jose Villarreal's death, the date of which is unknown, his interest in the property passed by inheritance to his and

---

[1] Plaintiff points out the documented discrepancy in the number of Amada's children, with certain of the attached exhibits reflecting seven heirs and others nine, to include Dominga Pinia de Trejo and Ofelia Penilla Garcia, but the Court's final determination of ownership is unaltered regardless. (Dkt. No. 21 at ¶ 13; *see* Exhs. 3, 4, 8, 10).

[2] At the outset of this proceeding, Plaintiff identified Gregoria Villarreal as having a potential interest in the property by virtue of being an heir of Amada, but now takes the position that this Defendant has no interest and should be dismissed without prejudice as unnecessarily or improperly joined. (*Id.* at ¶ 10 n.22); *see* FED. R. CIV. P. 71(i)(2), (3).

[3] Plaintiff notes that by virtue of this deed, the Unknown heirs and/or devisees of Frumencio Villarreal had no interest in the property as of the date of the taking. (Dkt. No. 21 at ¶ 11 n.24). Also, Plaintiff has determined that Defendant Francisco Villarreal and Frumencio Villarreal are the same person. (*Id.*). Thus, Plaintiff submits that Defendants Francisco Villarreal and Unknown heirs and/or devisees of Frumencio Villarreal should be dismissed without prejudice as unnecessarily or improperly joined. (*Id.*); *see* FED. R. CIV. P. 71(i)(2), (3).

Marta R. Villarreal's son, Fidel Villarreal, who by virtue of a series of warranty deeds executed in 1976, was conveyed various other individuals' purported interests in Share 7. (*Id.* at ¶ 17, Exhs. 11-14).[4]

According to Plaintiff, "it appears that after the death of Jose Villarreal, his widow, Marta R. Villarreal remarried as Marta R. Sepulveda[.]" (*Id.* at ¶ 18). In 1979, Marta R. Sepulveda ("Marta"), together with her husband, commenced a partition action in Starr County against Americo and his then-wife Mary Jane to divide Share 7, consisting of 37.228 acres after accretion. (*Id.* at ¶¶ 18, 19, Exhs. 1, 2); *see* TEX. REV. CIV. STAT ANN. art. 6082 (1974) (allowing joint owner of real property to compel partition between joint owners). By that time, "with no chain of title to provide a link," Fidel Villarreal had conveyed title to Share 7 of Porcion 73, and no longer had an interest in the property. (Dkt. No. 21 at ¶ 18).[5] In 1980, by "Decree Confirming Partition of Real Property" and "Report of Commissioners," the 37.228 acres of Share 7 were divided into Tract 1 (20.911 acres), awarded to Americo and Mary Jane, and Tract 2 (16.317 acres), awarded to Marta. (*Id.* at ¶¶ 19, 20, Exhs. 1, 2).[6] Based on the foregoing, it appears that these individuals' interests in Tracts 1 and 2 account for all previously held interests in Share 7. *See* (*id.* at ¶ 26, Exh. 3).

From the time the partition decree was recorded in 1981, Americo has remained as record owner and landowner in possession of Tract 1, and claims it with Mary Jane, as co-tenants in common since divorcing in approximately 1990. (*Id.* at ¶ 21, Exh. 15). The Court is thus satisfied that as of the date of the subject taking, Americo and Mary Jane held record title to

---

[4] Plaintiff avers that "how [these individuals] acquired an interest in Share 7 remains unknown." (Dkt. No. 21 at ¶ 17).
[5] Plaintiff notes the cloud on title for Marta R. Sepulveda's and Fidel Villarreal's interests, but the Court's final determination of ownership is unaltered regardless, given the results of the 1980 partition described *infra*. (*Id.* at ¶¶ 17, 18, 20).
[6] The report uses the spelling "Martha." (*Id.* at Exh. 2).

Tract 1, and therefore to Tract RGV-RGC-6011 contained therein.  (*Id.* at ¶¶ 25, 26).  In the alternative, they held title by adverse possession, whether under the three-, five-, ten- or 25-year statutes of limitations under Texas law, since they claim the property under duly registered deeds, and Americo states in his uncontested affidavit that they have possessed the property openly and peaceably, used it continuously, and paid all ad valorem taxes due during the relevant time.  (*Id.* at ¶¶ 27-30, Exh. 15; *see also* Dkt. No. 12); *see* TEX. CIV. PRAC. & REM. CODE §§ 16.021, 16.024-.026, 16.027.

Accordingly, for purposes of this condemnation proceeding only, the Court finds that the sole owners of Tract RGV-RGC-6011 at the time of the subject taking were Americo Eloy Garcia and Mary Jane Ornelas-Garcia (formerly Mary Jane Garcia).  The Court also accepts, as noted by Plaintiff, that Defendants Gregoria Villarreal, Francisco Villarreal, and Unknown heirs and/or devisees of Frumencio Villarreal were unnecessarily or improperly joined to this action,[7] and hereby **ORDERS** that these Defendants are **DISMISSED** without prejudice.  *See* FED. R. CIV. P. 71(i)(2), (3).

SO ORDERED this 22nd day of July, 2021, at McAllen, Texas.

_____
Randy Crane
United States District Judge

---

[7] *See supra* n.2, 3.